FILED

2017 AUG 28 AM 10: 09

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE FROM THE
DISTRICT COURT GDANSK-NORTH,
POLAND IN THE MATTER OF

HALINY CZERNIAWSKIEJ

    Plaintiff

v.

ANDRZEJA MALESZKA

    Defendant

Case No: 6:17-mc-40-ORL-41-GJK

_____/

## APPLICATION FOR ORDER UNDER 28 U.S.C. §1782(a)

The United States of America, by and through its counsel, the United States Attorney for the Middle District of Florida, petitions this Court for an Order, pursuant to 28 U.S.C. § 1782(a), appointing the undersigned Assistant United States Attorney as a Commissioner for the purpose of providing the requested evidence and taking all other necessary actions, including issuing necessary subpoenas and correspondence, to provide the assistance requested in the Letter of Request issued by the above-referenced court in Poland, pursuant to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

## PROCEDURAL BACKGROUND

This application is made pursuant to a Letter of Request issued by the District Court Gdansk-North in Poland seeking evidence in the form of written interrogatory responses pursuant to the Hague Convention on the Taking Evidence Abroad in Civil or

Commercial Matters, which entered into force with respect to the United States of America on October 7, 1972.  23 UST 2555, TIAS 7444.[1]  The original Polish language Letter of Request is attached hereto as **Exhibit A**, and the English translation of the Letter of Request, which was provided by the foreign tribunal, is attached hereto as **Exhibit B**.  In the Letter of Request, the District Court Gdansk-North in Poland has requested the United States obtain evidence in the form of interrogatory responses from Urszula and Wieslaw Kaczmarczyk.  This testimony is to be used in the pending civil matter of *Haliny Czerniawskiej v. Andrzeja Maleszka*, Ref. No. XIII Ns 449/12.  Specifically, the Polish court is attempting to determine if the decedent, Miroslaw Maleszka, was of sound mind when he disinherited his brother and left all his possessions to Plaintiff, Haliny Czerniawskiej, in his last will and testament.

## MEMORANDUM

I.   The Hague Evidence Convention.

The Convention entered into force with respect to the United States of America, on October 7, 1972.  23 UST 2555, TIAS 7444.  Under Article VI of the United States Constitution, treaty provisions, such as those governing this Application, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts.  See *Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause.") (Roders, J., concurring); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty.")

---

[1] This Convention is typically referred to as the Hague Convention On the Taking Evidence Abroad and, hereinafter, will be referred to simply as the "Hague Convention" or the "Evidence Convention."

The Hague Convention affords each participating nation the use of the judicial processes of other participating nations where such assistance is needed in civil or commercial matters "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." *Preamble to the Convention On Taking Evidence Abroad in Civil or Commercial Matters*. The Hague Convention has entered into force between Poland and the United States.[2] The Convention provides at Article 10 that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Furthermore, Article 9 of the Convention provides, in pertinent part, that "[t]he judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed," and that a "Letter of Request shall be executed expeditiously."

    II.    <u>Statutory Basis Met for Granting Request for Judicial Assistance</u>.

Pursuant to 28 U.S.C. § 1782, a federal district court has the authority to order a person or entity residing within its district to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The court may direct that the document or other thing be produced before a person appointed by the court. By virtue of the

---

[2] The United States signed the Hague Convention on July 27, 1970, and it entered into force with respect to the United States on October 7, 1972. 23 UST 2555, TIAS 7444. The Convention is, by definition, in force between all the countries that have ratified the Convention. https://assets.hcch.net/docs/f094fd72-6213-4950-96ea-955f41a311eb.pdf

appointment, a Commissioner has the power to administer any necessary oath and take the evidence on behalf of the foreign tribunal. See 28 U.S.C. §1782(a).

The Eleventh Circuit has identified several statutory prerequisites for bringing an action pursuant to 28 U.S.C. § 1782: (1) the request is made by a foreign tribunal or interested person; (2) the request is for evidence, whether testimonial in nature, or the production of an item; (3) the evidence is for use in a proceeding before a foreign tribunal; and (4) the person from whom evidence is sought is found within the district of the district court to which the request is made. *In re Patricio Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007). Upon meeting these prerequisites, a district court has the authority to grant the § 1782 request, although it is not required to grant such request. *Id.* at 1333.

The statutory prerequisites for commencing an action under § 1782 have been met. The request is from the District Court Gdansk-North, Poland, a foreign tribunal, seeking to obtain testimonial evidence. The testimonial evidence requested is to be used in the pending civil matter of *Haliny Czerniawskiej v. Andrzeja Maleszka*, Ref. No. XIII Ns 449/12. Further, the individuals from whom the information is sought resides in the Middle District of Florida, Orlando Division.[3] Hence, the statutory requirements for bringing a § 1782 action have been met.

### III. Discretionary Factors Weigh in Favor of Granting Judicial Assistance.

Although the statutory prerequisites for authorizing a request under § 1782 have been met, a court is not required to grant a § 1782 request. Rather, a court can consider several other factors to determine whether it should exercise its discretion under § 1782.

---

[3] In the Letter Of Request, the District Court Gdansk-North, Poland provided Urszula and Wieslaw Kaczmarczk's address in Merritt Island, Florida, which is in the Middle District of Florida, Orlando Division.

4

*In re Clerici*, 481 F.3d at 1334 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004)).  The additional factors include: (1) whether the person from whom evidence is sought is a litigant in the foreign proceeding; (2) the nature of the proceeding pending abroad; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *In re Clerici*, 481 F.3d at 1334.

The individuals from whom information is sought appear to have been acquaintances of the decent and to that extent, may possess information that is highly relevant to the pending proceeding.  The request does not appear to be an effort to circumvent proof gathering restrictions or other limitations on evidence.

## CONCLUSION

Based upon the foregoing citations of authority, the United States respectfully requests that the Court grant the instant Application and enter an order appointing the undersigned Assistant United States Attorney as a Commissioner for the purposes of administering any necessary oaths, making any necessary certifications, issuing any necessary subpoenas, and otherwise taking actions necessary to obtain the evidence requested in the Letter of Request issued by the District Court Gdansk-North, Poland.

Dated: August 28, 2017

                              Respectfully Submitted,

                              W. STEPHEN MULDROW
                              Acting United States Attorney

By: _____
                              RALPH E. HOPKINS
                              Assistant United States Attorney
                              Florida Bar Number: 0972436
                              400 W. Washington Street, Suite 3100
                              Orlando, Florida 32801
                              Telephone: (407) 648-7000
                              Facsimile: (407) 648-7588
                              Email: Ralph.Hopkins@usdoj.gov